UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CECILIA WYATT,

    Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. 3:17-CV-05214-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: January 12, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Cecilia Wyatt filed this matter seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").

After considering the record, the undersigned concludes the Administrative Law Judge ("ALJ") erred by relying on testimony from a vocational expert ("VE") despite a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). The ALJ also erred by asking the VE a hypothetical question that did not reflect all of Plaintiff's limitations and relying on the VE's subsequent testimony. The ALJ's errors are therefore not harmless, and

the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner").

## FACTUAL AND PROCEDURAL HISTORY

On August 22, 2013, Plaintiff filed an application for SSI, alleging disability as of October 27, 2009.[1] *See* Dkt. 9, Administrative Record ("AR") 13. The application was denied upon initial administrative review and on reconsideration. AR 13. ALJ Cynthia D. Rosa held a hearing on December 12, 2014. AR 39-66. In a decision dated April 11, 2015, the ALJ determined Plaintiff to be not disabled. AR 13-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred in how she questioned the VE with respect to (1) Plaintiff's limitation to simple, routine tasks; and (2) Plaintiff's limitation that she should have the option to alternate between sitting and standing every 20 minutes. Dkt. 11, pp. 1, 3-12.

On October 20, 2017, the Court ordered supplemental briefing, directing the parties to address recent case law relevant to DOT and VE conflicts, as well as an issue related to harmless error. Dkt. 16. Plaintiff and Defendant timely provided supplemental briefing. *See* Dkt. 17, 18. The matter became ready for the Court's consideration on November 27, 2017.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

---

[1] As the ALJ noted in her decision, Plaintiff "subsequently amended her alleged disability onset to October 27, 2011." *See* AR 13, 246.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

I. **Whether the ALJ properly reconciled a conflict between the DOT and the VE's testimony.**

Plaintiff argues the ALJ erred when she found there was no conflict between the VE's testimony that Plaintiff could perform the occupation of document preparer and Plaintiff's residual functional capacity ("RFC") limitation to simple, routine tasks. Dkt. 11, pp. 7-12 (citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)). Specifically, Plaintiff contends that because her RFC limits her to simple, routine tasks, she cannot perform work as a document preparer, which the DOT assigns a General Education Development ("GED") score of Level 3 Reasoning. *Id.*

In determining whether a claimant is disabled, an ALJ may consult various sources, including the DOT and a VE. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). "Presumably, the opinion of the VE would comport with the DOT's guidance." *Id.* If, however, the VE's opinion that the claimant can work "conflicts with, or seems to conflict with, the requirements listed in the [DOT]," the ALJ has an obligation to ask the VE to reconcile the conflict before relying on the VE's testimony. *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *2 (2000)); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). The ALJ's obligation to reconcile a conflict is triggered only where the conflict is "obvious or apparent." *Gutierrez*, 844 F.3d at 808. To be an obvious or apparent conflict, the VE's testimony "must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Id.*

Thus, the Court's inquiry in a case with an alleged DOT and VE conflict has two-steps: First, was there a conflict between the VE's testimony and the DOT that the ALJ was obligated to reconcile? *See id.* Second, if there was a conflict, did the ALJ properly reconcile that conflict? *See Lamear*, 865 F.3d at 1205-06; *see also Massachi*, 486 F.3d at 1153-54.

Notably, the Ninth Circuit has held "there is an apparent conflict" between an RFC limiting a person "to simple, routine, or repetitive work" and the "demands of Level 3 Reasoning." *Zavalin*, 778 F.3d at 846-47; *see also Inman v. Colvin*, 669 Fed.Appx. 849, 850-51 (9th Cir. 2016). As such, an ALJ errs if she does not ask the VE to explain how a claimant limited to simple, routine tasks can nevertheless perform occupations requiring Level 3 Reasoning. *Zavalin*, 778 F.3d at 847; *Inman*, 669 Fed.Appx. at 851; *see also Purser v. Colvin*, 2016 WL 3356193, at *3 (W.D. Wash. June 17, 2016) (applying *Zavalin* and finding "the ALJ erred in failing to resolve the conflict between plaintiff's limitation to simple, routine tasks and the demands of the DOT Level 3 Reasoning for the document preparer [occupation]").

Here, the ALJ found Plaintiff had the RFC to perform "simple routine tasks." AR 19. Thereafter, based on the VE's testimony, the ALJ found Plaintiff could perform the following three occupations: (1) document preparer (DOT 249.587-018, 1991 WL 672349); (2) addresser (DOT 209.587-010, 1991 WL 671797); and (3) touch-up screener, printed circuit board assembly ("touch-up screener") (DOT 726.684-110, 1991 WL 679616).[2] The ALJ also determined the VE's testimony was consistent with the DOT. AR 32. Yet the DOT assigns Level

---

[2] The VE's hearing testimony, the ALJ's decision, and Plaintiff's Opening Brief all provide the DOT number of 726.684-010 for the occupation of touch-up screener. *See* AR 31, 64; Dkt. 11, p. 3. But this is actually the DOT number assigned to capacitor-pack-press operator. Nonetheless, the VE's testimony regarding the components of touch-up screener indicates this was a typographical error, and the VE indeed meant to cite the occupation of touch-up screener. *Compare* AR 64 (VE description of the strength and SVP components of touch-up screener) *with* DOT 726.684-110 (DOT description of the strength and SVP components of touch-up screener). Furthermore, Plaintiff does not raise this error on appeal. *See* Dkt. 11, 15. Therefore, the undersigned presumes this was a numerical error, and all parties intended to cite touch-up screener – DOT 726.684-110 – and not capacitor-pack-press operator.

3 Reasoning to the occupation of document preparer, and the ALJ did not ask the VE how Plaintiff could perform an occupation requiring Level 3 Reasoning despite her limitation to simple, routine tasks. *See* DOT 249.587-018; AR 61-64. Therefore, the ALJ failed to recognize and reconcile this apparent conflict. *See Zavalin*, 778 F.3d at 846-47 (an ALJ errs if she does not ask the VE to explain how a person limited to "simple, routine, or repetitive work" could "nevertheless perform Level 3 Reasoning").

The Court notes the ALJ asked the VE at the hearing whether his testimony was in accordance with the DOT. *See* AR 64. The VE responded: "Where possible. It was based on my professional experience and education otherwise." AR 64. Ordinarily, the ALJ should "ask the VE to explain in some detail why there is no conflict between the DOT and the applicant's RFC." *Lamear*, 865 F.3d at 1205. Here, the ALJ did not ask the VE to explain how Plaintiff could perform an occupation requiring Level 3 Reasoning despite her limitation to simple, routine tasks. *See* AR 61-64. Moreover, an ALJ is not "absolved" of her duty to reconcile a conflict "merely because the VE responds 'yes' when asked if [his] testimony is consistent with the DOT." *Lamear*, 865 F.3d at 1205, n.3 (quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014)). Therefore, the ALJ erred by failing to reconcile the conflict between the demands of Level 3 Reasoning and the VE's testimony that Plaintiff could perform the occupation of document preparer despite her limitation to simple, routine tasks.

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the

reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, the ALJ erred by failing to reconcile a conflict between the DOT and the VE's testimony regarding the occupation of document preparer. However, the ALJ also found Plaintiff could perform the occupations of addresser and touch-up screener. Given the number of jobs available in the national economy for the addresser and touch-up screener occupations, Plaintiff concedes there "are a significant number of jobs" remaining in the national economy. Dkt. 17, pp. 6-7 (citing *Gutierrez v. Comm'r Soc. Sec. Admin*, 740 F.3d 519 (9th Cir. 2014)). As such, although the ALJ erred on the occupation of document preparer, this error was harmless. *See Molina*, 674 F.3d at 1115 (an error is harmless if it does "not alter the ALJ's decision"). Accordingly, the Court must now determine whether the ALJ erred with respect to the occupations of addresser and touch-up screener.

**II.     Whether the ALJ's questions to the VE properly included all of Plaintiff's limitations.**

Second, Plaintiff argues the ALJ erred in how she questioned the VE regarding Plaintiff's limitation that she should be allowed to alternate between sitting and standing every 20 minutes. Dkt. 11, pp. 3-6, 8-12.

At Step Five of the sequential evaluation process, the Commissioner has the "burden of showing that there is other work in 'significant numbers' in the national economy" the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). To satisfy this burden, the Commissioner, through an ALJ, may consult a VE. *See id.* at 1099. "Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (emphasis in original) (citations

omitted). Therefore, when "the hypothetical posed by the ALJ to the vocational expert [does] not reflect all of [a claimant's] limitations, the expert's opinion has no evidentiary value and cannot support the ALJ's decision." *Id.* at 423.

In Plaintiff's RFC, the ALJ found Plaintiff could perform "sedentary work." AR 19. The ALJ further limited Plaintiff by finding she needed "the option to change position between sitting and standing every 20 minutes." AR 19. Based on the VE's testimony, the ALJ found Plaintiff could perform the occupations of addresser and touch-up screener. *See* DOT 209.587-010, 726.684-110.

Because the sequencing of the ALJ's questions to the VE is relevant to whether the ALJ properly questioned the VE, the Court notes the ALJ and the VE had the following exchange at the hearing:

> Q: All right. If we assume an individual of Ms. Wyatt's age, education and work experience. This individual can perform light work. Occasional ramps and stairs. No ropes, ladders or scaffolds. Occasional balance, stoop, crouch, crawl, kneel. She can do simple, routine tasks. No direct work with the public. Superficial contact with coworkers. She should avoid concentrated exposure to hazards and vibration . . . Are there any occupations such an individual could perform?
>
> A: Production assembler. 706.687-010. Light level work. Unskilled, with an SVP of two. 20,570 jobs nationally. 348 in the state of Washington. Assembler, electrical accessories. 729.687-010. Light level work. Unskilled, with an SVP of two. 42,068 jobs nationally. 837 in the state of Washington. And bottle packer. 920.685-026. Light level work. Unskilled, with an SVP of two. 50,186 jobs nationally. 1,087 in the state of Washington.
>
> Q: Okay. **And if I added an element this individual needs to change position from sitting to standing every 20 minutes or so, would any of these jobs still be available?**
>
> A: They would all still be available.
>
> Q: **One more element. The hypothetical individual can do frequent, but not constant, handling and fingering.** Are there any jobs available? Let's start with the three that you've identified. Are any of those three jobs available?

> A: Bottle packer would be ruled out. The remaining two jobs would remain in place . . . **Would you like a third job within the context of the final hypothetical?**
>
> Q: Yes, please.
>
> A: . . . **Document preparer**. 249.587-018. Sedentary level work. Unskilled, with an SVP of two. 63,832 jobs nationally. 1,102 in the state of Washington.

AR 61-62 (emphasis added).

Next, Plaintiff's attorney asked the VE a series of questions regarding various limitations and how those limitations would impact Plaintiff's ability to work. AR 62-63. The ALJ then resumed her examination of the VE:

> Q: Mr. Cockrum, **I have one more question. Can you give me two more jobs at the sedentary level, please?**
>
> A: **Addresser**. 209.587-010. Sedentary level work. Unskilled, with an SVP of two. 25,572 jobs nationally. 384 in the state of Washington. A third job is going to have pretty small employment numbers. Are you interested in that position?
>
> Q: Sure. Let's see what you've got.
>
> A: **Touch-up screener PCB assembly**. 726.684-010. Sedentary level work. Unskilled, with an SVP of two. 2,890 jobs nationally. 48 in the state of Washington . . .

AR 63-64 (emphasis added).

In the first part of her examination of the VE, the ALJ successively added elements to her original hypothetical question. *See* AR 61-62. The ALJ then took a break in her examination, during which Plaintiff's attorney questioned the VE. AR 62-63. Once Plaintiff's attorney finished questioning the VE, the ALJ resumed her examination and asked the VE for "two more jobs at the sedentary level." AR 63. The ALJ did not specifically reference or incorporate the elements of her previous compound hypothetical, but rather only requested occupations "at the sedentary level." *See* AR 63-64. The VE responded with the occupations of addresser and touch-

up screener. AR 63-64. Thus, it is unclear whether the ALJ's request for sedentary occupations included Plaintiff's RFC limitation that she should be allowed to alternate between sitting and standing every 20 minutes. Because it appears this question did not reflect all of Plaintiff's limitations, "the expert's opinion has no evidential value and cannot support the ALJ's decision." *Embrey*, 849 F.2d at 423.

For the above stated reasons, the ALJ erred by relying on the VE's testimony that Plaintiff could perform the occupations of addresser and touch-up screener. Had the ALJ properly included all of Plaintiff's opined limitations in this question to the VE, the jobs provided by the VE may have changed and the ultimate disability determination may have been impacted. Furthermore, the undersigned previously determined the ALJ erred by failing to reconcile a conflict between the DOT and the VE's testimony for the occupation of document preparer. *See* Section I., *supra*. Thus, the ALJ erred on all three jobs she found Plaintiff could perform. The ALJ's failure to properly question the VE is therefore not harmless and requires reversal.[3] *See Molina*, 674 F.3d at 1115.

In light of the ALJ's Step Five errors, the undersigned recommends the ALJ be directed to re-question a VE on remand regarding jobs available in the national economy that Plaintiff can perform, given Plaintiff's RFC, age, education, and work experience.

CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this Report and

---

[3] The Court previously ordered the parties to provide supplemental briefing regarding a potential conflict between the DOT and the VE's testimony that Plaintiff could perform sedentary occupations despite her need to alternate between siting and standing every 20 minutes. Dkt. 20. However, due to the ALJ's harmful error regarding how she questioned the VE on this limitation, the Court need not decide whether there is a DOT/VE conflict on this issue.

Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 12, 2018, as noted in the caption.

Dated this 22nd day of December, 2017.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge